IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 08-97-JJF |
| MICHAEL LINDSEY, | : | |
| Defendant. | : | |

**DEFENDANT'S PRE-TRIAL MOTION TO SUPPRESS
PHYSICAL EVIDENCE AND STATEMENTS**

Defendant, Michael Lindsey, by and through his undersigned counsel, Eleni Kousoulis, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth Amendment of the United States Constitution, for an Order suppressing the government's use any and all evidence illegally seized by law enforcement officers from Mr. Lindsey or from the Dodge Intrepid in which he was riding, on or about June 9, 2008, including any and all of Mr. Lindsey's statements made to law enforcement officers.

In support of this Motion, Mr. Lindsey avers as follows[1]:

1.  Detective Riley of the Wilmington Police Department is alleged to have received information from a confidential informant that the defendant, Michael Lindsey, operates a Dodge Intrepid and that the informant had allegedly seen Mr. Lindsey place a firearm into the Dodge Intrepid

---

[1] The facts contained in this motion were taken from the police reports prepared in connection with this case. Although Mr. Lindsey cites these facts in his motion, he does not concede that the events transpired as stated by the officers in this case. Mr. Lindsey submits that an Evidentiary Hearing is needed to further develop the facts, which are determinative of this motion.

during the fourth week of May, 2008. On June 9, 2008, Detective Riley observed Mr. Lindsey operating a Dodge Intrepid in the area of 23rd and Bowers Streets. Mr. Lindsey parked the car on the east side of the 2200 block of Bowers Street. Detective Riley alleges that Mr. Lindsey's license was suspended. After Mr. Lindsey parked the car, he is alleged to have picked up a firearm and place it on the passenger seat of the car. Mr. Lindsey then exited the car and walked across the street away from the car and sat on the ground with two other people. Detective Riley notified assisting units who arrived in the area and placed Mr. Lindsey in custody. Detective Riley looked inside the vehicle and observed a sweatshirt on the seat. Detective Lindsey picked up the sweatshirt and located a firearm under the sweatshirt. It is further alleged that after being taken into custody, Mr. Lindsey waived his <u>Miranda</u> rights and admitted possessing the firearm.

  2. Mr. Lindsey moves to suppress the firearm, on the ground that it was secured through a warrantless search and seizure, in violation of the Fourth Amendment of the United States Constitution.

  3. Mr. Lindsey also moves to suppress his statements to police, on the ground that they are the fruits of the unlawful search and seizure. <u>Wong Sun v. United States</u>, 371 U.S. 471 (1963).

  4. The Fourth Amendment prohibits unreasonable searches and seizures. It is well-settled law that searches and seizures conducted without a warrant are per se unreasonable, and will only be allowed if they fall within a few well-delineated exceptions. <u>United States v. Katz</u>, 389 U.S. 347, 357 (1967).

  5. In the present case, the officers did not have a warrant to search the car. The burden rests with the government to prove, by a preponderance of the evidence, that the police search of the car falls under an exception to the Fourth Amendment warrant requirement. The government has put

forth no evidence to justify the warrantless search of the car.

6.      Because the search in this case was illegal, all evidence seized from this illegal search, must be suppressed in accordance with the "fruit of the poisonous tree doctrine", as was expressed in Wong Sun v. United States, 371 U.S. 471 (1963).

7.      Mr. Lindsey reserves the right to file a Memorandum of Law in support of his Motion to Suppress Physical Evidence and Statements after the completion of a hearing in this matter.

**WHEREFORE**, Defendant respectfully requests that this Court conduct a hearing to further develop the facts related to this Motion and subsequently enter an Order suppressing the Government's use of any and all evidence illegally seized by law enforcement officers on or about June 9, 2008, including any statements made by the defendant.

Respectfully submitted,

 /s/ Eleni Kousoulis
Eleni Kousoulis, Esquire
Assistant Federal Public Defender
One Customs House
704 King Street, Suite 110
Wilmington, Delaware  19801
(302) 573-6010
ecf_de@msn.com
Attorney for Defendant Michael Lindsey

Dated: July 24, 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 08-97-JJF |
| | : | |
| MICHAEL LINDSEY, | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

The Court having considered Defendant's Pre-trial Motion to Suppress Physical Evidence and Statements and good cause having been shown therefore;

IT IS HEREBY ORDERED this _____ day of _____, 2008, that the Ruger Redhawk, .44 caliber magnum revolver seized from the Dodge Intrepid in this case, and any statements made by Mr. Lindsey, shall be suppressed.

                                                                                        Honorable Joseph J. Farnan, Jr.
                                                                                        United States District Court