IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 08-97-JJF |
| MICHAEL LINDSEY, | : | |
| Defendant. | : | |

**MOTION TO DISCLOSE INFORMATION REGARDING
CONFIDENTIAL INFORMANTS AND SUPPORTING AUTHORITIES**

The defendant, Michael Lindsey, through his undersigned counsel, Eleni Kousoulis, hereby moves this Honorable Court to Order: access to the confidential informants used in this case; discovery by the defense of information relating to amounts paid or other benefits provided to the informants for cooperation in this case and any other investigations and copies of files verifying such information; any information regarding the drug use, prior psychiatric history and criminal history of the confidential informants; prior testimony of the informants and any inconsistent statement made by the informants.

In support of this Motion, the defense submits as follows:

1.  Mr. Lindsey is charged with Possession of a Firearm by a Felon, in violation of 18 U.S.C. § 922(g)(1).

2.  During the fourth week of May, 2008, it is alleged that Detective Riley of the Wilmington Police Department received information from a confidential informant that the informant had observed the defendant, Michael Lindsey, place a firearm in a Dodge Intrepid that Mr. Lindsey

was driving. On June 9, 2008, Detective Riley is alleged to have received information from a second confidential informant that Mr. Lindsey had allegedly made reference during an altercation at a softball game a few days earlier to obtaining a gun to settle a dispute with an opposing player.[1]

3. In order to defend against the charges, the defense needs the identity and other specified information regarding this informant.

4. In <u>Roviaro v. United States</u> 353 U. S. 53, 60 (1957) the Supreme Court held that "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." <u>See</u> <u>also</u> <u>In re Irving</u> 600 F. 2d 1027 (2nd Cir. 1979). The D. C. Circuit noted in <u>Westinghouse Electric Corp. v. City of Burlington, Vermont</u>, 351 F.2d 762 (D. C. Cir. 1965), "<u>Roviaro</u> states that in a wide range of cases, the privilege will not preclude disclosure, if indeed the Government chooses to invoke it at all . . .The Roviaro case stops far short of guaranteeing the anonymity of informers." <u>Id.</u>

5. A balancing test has been utilized to determine whether the identity and location of the informant is to be kept secretly. <u>See</u> e.g., <u>United States v. Ayala</u>, 643 F.2d 244, 246 (5th Cir. 1981). The government's interest in this case is certainly less than Mr. Lindsey's right to counter the government's evidence and to present a defense.

6. If the defendant, (through counsel) does not have access to this informant's information regarding his or her reliability pre-trial, the defendant will not be able to meaningfully confront those that are accusing him. The defendant anticipates that the government may attempt

---

[1] The facts contained in this motion were taken from the police reports prepared with regard to this case. By citing these facts in this motion, Mr. Lindsey does not concede that the events transpired as stated in these reports.

to rely on the information provided by the informants to justify the warrantless search of Mr. Lindsey's car in this case. In addition, in his statement to law enforcement following his arrest in this case, Mr. Lindsey is alleged to have told the officers that he was set-up in this case and that someone else placed the firearm in his vehicle. For these reasons, the requested information regarding the informants in this case are relevant and warranted.

7.  In order to adequately prepare a defense and assess the statements and role of the informants in this case, as well as to assess the informant's credibility, the defense should also receive: the informant's prior testimony while acting as an informant, <u>Giordano v. United States</u>, 394 U. S. 310 (1969); <u>Johnson v. Brewer</u>, 521 F.2d 556 (8th Cir. 1975); promises he has received for consideration, <u>Giglio v. United States</u>, 405 U. S. 150 (1972); information regarding his drug or chronic alcohol history, <u>United States v. Fowler</u>, 465 F.2d 664 (D. C. Cir. 1972); any psychiatric history, <u>United States v. Lindstrom</u>, 698 F. 2d 1154 (11th Cir. 1983); and criminal history, <u>Williams v. Griswold</u>, 743 F.2d 1533 (11th Cir. 1984); <u>United States v. Auten</u>, 632 F. 2d 478 (1980).

WHEREFORE, for these reasons and any other reasons as shall appear to the Court, the Defendant requests that this motion be granted and that the information designated be provided to the defense.

Respectfully submitted,

 /s/  Eleni Kousoulis
Eleni Kousoulis, Esquire
Assistant Federal Public Defender
One Customs House
704 King Street, Suite 110
Wilmington, Delaware 19801
302-573-6010
ecf_de@msn.com
Counsel for Defendant Michael Lindsey

DATED: July 24, 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 08-97-JJF |
| | : | |
| MICHAEL LINDSEY, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

Upon consideration of defendant's Motion to Disclose Confidential Informants, it is hereby **ORDERED** that the Government disclose to the defendant's counsel the following information regarding the confidential informants in this case:

1. full name and current location of the informants;

2. the informants' criminal history;

3. any promises of consideration made and benefits given to the Government in this case and any other investigation or prosecution;

4. any records documenting benefits-financial or otherwise;

5. any information regarding prior or present psychiatric history;

6. any information regarding illegal drug use or chronic alcohol use; and

7. prior testimony of the informants in the informants' status.

It is hereby **ORDERED** this _____ day of _____, 2008.

_____
Honorable Joseph J. Farnan, Jr.
United States District Court