```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF DELAWARE


UNITED STATES OF AMERICA,      :
                               :
        Plaintiff,             :
                               :
   v.                          :   Criminal Action No. 08-97-JJF
                               :
MICHAEL LINDSEY,               :
                               :
        Defendant.             :
                               :
```

David C. Weiss, Esquire, Acting United States Attorney, and Lesley F. Wolf, Esquire, Assistant United States Attorney, of the OFFICE OF THE UNITED STATES ATTORNEY, Wilmington, Delaware.

Attorney for Plaintiff.

Peter A. Levin, Esquire of PETER A. LEVIN, ESQUIRE, Philadelphia, Pennsylvania.

Attorney for Defendant.

## MEMORANDUM OPINION

June 9, 2009
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is a Motion For Court To Reconsider Order Denying Motion To Suppress Evidence And Statements (D.I. 44) filed by Defendant, Michael Lindsey. For the reasons discussed, the Court will deny Mr. Lindsey's Motion.

## I.  PARTIES' CONTENTIONS

By his Motion, Mr. Lindsey requests the Court to reconsider its February 27, 2009 Memorandum Opinion and Order denying his Motion To Suppress on the basis of the Supreme Court's recent decision in <u>Arizona v. Gant</u>, 129 S. Ct. 1710 (2009). In <u>Gant</u>, the Supreme Court held that <u>New York v. Belton</u>, 453 U.S. 454 (1981) "does not authorize a vehicle search incident to a recent occupant's arrest after the arrestee has been secured and cannot access the interior of the vehicle," except in those unique circumstances in which it is reasonable to believe that evidence relevant to the crime forming the basis of the arrest might be found in the vehicle. <u>Id.</u> at 1714, 1719. Because Mr. Lindsey was handcuffed and taken into custody fifteen feet away from his vehicle, he contends that the search of his vehicle was illegal under <u>Gant</u>. Mr. Lindsey also contends that he was arrested for active capiases and for driving with a suspended licenses and therefore, it was not reasonable for the arresting officer, Agent Riley, to believe that evidence of the crimes of arrest would be found in his vehicle. Mr. Lindsey further questions Agent

1

Riley's observation that Mr. Lindsey possessed a gun, and therefore, contends that the automobile exception to the warrant requirement does not apply in this case.

In response, the Government contends that the Court based its decision on two separate holdings, one of which does not implicate Gant. Specifically, the Government points out that the search of Defendant's vehicle was justified under the automobile exception to the warrant requirement based on the Court's finding that Agent Riley observed Mr. Lindsey, a known convicted felon, holding a gun and placing it in the direction of the passenger seat of the vehicle.

## II. Standard For Reconsideration

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999).

## III. DISCUSSION

In this case, Mr. Lindsey has presented the Court with an intervening change in the law based on the Supreme Court's

Riley's observation that Mr. Lindsey possessed a gun, and therefore, contends that the automobile exception to the warrant requirement does not apply in this case.

In response, the Government contends that the Court based its decision on two separate holdings, one of which does not implicate Gant. Specifically, the Government points out that the search of Defendant's vehicle was justified under the automobile exception to the warrant requirement based on the Court's finding that Agent Riley observed Mr. Lindsey, a known convicted felon, holding a gun and placing it in the direction of the passenger seat of the vehicle.

## II. Standard For Reconsideration

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999).

## III. DISCUSSION

In this case, Mr. Lindsey has presented the Court with an intervening change in the law based on the Supreme Court's

decision in Gant. However, the Court concludes that reconsideration of its previous decision denying Mr. Lindsey's Motion To Suppress is not warranted, because Gant is not controlling in Mr. Lindsey's case. Although the Court utilized pre-Gant case law for the basis of an alternate holding[1], the Court first concluded that the automobile exception applied to the search of Mr. Lindsey's vehicle. In reaching this conclusion, the Court credited the testimony of Agent Riley and stated that, "Agent Riley's first-hand observation of Mr. Lindsey, a known convicted felon, handling the gun and placing it in the direction of the passenger seat provided sufficient probable cause for the police to believe that the vehicle contained contraband or evidence of the crime. In these circumstances, the "automobile exception" to the warrant requirement applies . . . ." (D.I. 39 at 12-13).

The Supreme Court's decision in Gant has no effect on the automobile exception, which allows police to search a vehicle where probable cause exists to believe that the vehicle contains evidence of criminal activity, regardless of whether that criminal activity is related to the offense of arrest. United States v. Ross, 456 U.S. 798, 820-821 (1982). Indeed, the

---

[1] Indeed, the Court recognized that the Supreme Court had granted certiorari review in Gant, but concluded that Thornton v. United States, 541 U.S. 615, 622 (2004), and it progeny, was controlling until such time as a decision issued in Gant. (D.I. 39 at 13-14 n.4).

3

Supreme Court reiterated the viability of Ross in Gant[2], and several courts since Gant have recognized the continued viability of the automobile exception. See, e.g., United States v. Manjate, 2009 WL 1391425, at * 2 n.2 (6th Cir. May 15, 2009) (stating that Gant "has no bearing on this case" because the warrantless search of the defendant's vehicle was justified by probable cause after a police dog alerted positively for narcotics); Ajan v. United States, 2009 WL 1421183, at *9 n.3 (E.D. Tenn. May 20, 2009) (recognizing that Gant calls into question the viability of Belton, but noting that the search was supported by probable cause); United States v. Sinclair, 2009 WL 1393438, at *5 n.2 (D.S.C. May 18, 2009) (stating that Gant is irrelevant where the government relies on the "motor vehicle" exception to the warrant requirement); United States v. Jackson, 2009 WL 1361440, at *1 n.2 (D. Neb. May 11, 2009) (stating that "Gant does not change the outcome of this case" where the smell of marijuana gave officers probable cause to search the vehicle). In this case, the Court found Agent Riley's observations to be adequate to establish the probable cause required for a vehicle search under the "automobile exception" to the warrant requirement. Accordingly, while Gant renders the Court's

---

[2] Gant, 129 S. Ct. at 1721 ("If there is probable cause to believe a vehicle contains evidence of criminal activity, United States v. Ross . . . authorizes a search of any area of the vehicle in which the evidence might be found.") (citations omitted).

4

alternative analysis of the search incident to arrest exception erroneous, the Court's initial holding under the automobile exception remains viable. Accordingly, the Court will deny Mr. Lindsey's Motion For Reconsideration.

## IV.   CONCLUSION

For the reasons discussed, the Court will deny Mr. Lindsey's Motion For Court To Reconsider Order Denying Motion To Suppress Evidence And Statements.

An appropriate Order will be entered.