IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 08-097 JJF |
| | : | |
| MICHAEL LINDSEY, | : | |
| | : | |
| Defendant. | : | |

**<u>MEMORANDUM ORDER</u>**

Defendant, Michael Lindsey, filed a Motion In Limine To Bar Impeachment Use Of Defendant's Prior Convictions Pursuant To Federal Rule Of Evidence 609 (D.I. 56). Specifically, Defendant has a 1991 conviction for robbery and a 1994 conviction for gun possession. Defendant contends that the Government cannot use the convictions to impeach Defendant under Rule 609(a)(2), because they do not involve crimes of dishonesty or falsehood. Defendant also contends that the convictions cannot be used under Rule 60(a)(1) because their probative value is outweighed by their substantial prejudicial impact. In this regard, Defendant contends that these convictions are more than ten years old, and that they tend to show only that Defendant has a propensity to commit criminal acts.

In response, the Government has indicated that it does not intend to use Defendant's prior felony convictions to impeach his general character for truthfulness under Federal Rule of Evidence 609. However, the Government reserves the right to use

Defendant's prior felony convictions under Rule 607 to impeach Defendant by contradiction if he should testify inconsistently with respect to the facts of his convictions. The Government also points out that Defendant has refused to stipulate to a prior felony conviction, which is an essential element of the offense for which Defendant has been charged, and therefore, the Government intends to introduce certified copies of Defendant's convictions during its case-in-chief.

Rule 609 does not govern the use of prior convictions for purposes of impeaching a witness's specific testimony by contradiction. The use of a prior conviction for this purpose is governed by Rule 607, and as the Third Circuit has recognized, "prior felony convictions more than ten years old may be used to impeach by contradiction even if they do not satisfy Rule 609's balancing and notice conditions." U.S. v. Gilmore, 553 F.3d 266, 271-272 (3d Cir. 2009). Further, the certified copies of the conviction are admissible under Fed. R. Evid. 803(8), under the public records exception of the hearsay rules, so that the Government can establish the element of the charged offense that Defendant refuses to admit by stipulation. Thus, while Defendant's prior convictions may not be admitted under Rule 609, they are admissible for the purposes described herein.

NOW THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion In Limine To Bar Impeachment Use Of Defendant's Prior Convictions

Pursuant To Federal Rule Of Evidence 609 (D.I. 56) is **GRANTED** to the extent it seeks to preclude use of Defendant's prior convictions under Rule 609; however, use of Defendant's prior convictions is not precluded for the other purposes described in this Memorandum Order.

November 5, 2009　　　　　　　　　／s／ Joseph J. Farnan, Jr.
DATE　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE