IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 08-97-JJF |
| | : | |
| MICHAEL LINDSEY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

David C. Weiss, Esquire, United States Attorney; Edward J. McAndrew, Esquire, Assistant United States Attorney; and John C. Snyder, Esquire, Assistant United States Attorney of the OFFICE OF THE UNITED STATES ATTORNEY, Wilmington, Delaware.

Michael Lindsey, Pro Se Defendant.

Peter A. Levin, Esquire of PETER A. LEVIN, ESQUIRE, Philadelphia, Pennsylvania, Stand-by Counsel for Defendant.

**MEMORANDUM OPINION**

November 19, 2009
Wilmington, Delaware.

Farnan, District Judge.

The Government filed a Motion In Limine To Exclude Evidence Regarding An Innocent Possession Defense (D.I. 61), requesting the Court to preclude Defendant from presenting evidence to support a purported affirmative defense of innocent possession and from including a jury instruction on this defense. The Court allowed Defendant to present evidence that he did not purposefully and intentionally possess the firearm found in his vehicle, and deferred ruling on whether to instruct the jury on an "innocent possession defense" until the Prayer Conference. At the Prayer Conference, the Court concluded that an instruction on an innocent possession defense should not be provided to the jury and briefly provided its reasons, noting that a written decision would follow. This Memorandum Order further explains the Court's decision to deny the Government's Motion as it pertained to the admission of evidence, and grant the Government's Motion as it pertained to a jury instruction on an innocent possession defense.

I.   **DISCUSSION**

To establish that Defendant was a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), the Government had to establish, beyond a reasonable doubt, that: (1) Defendant had been convicted of a crime punishable by more than one year of imprisonment; (2) Defendant knowingly possessed a firearm; and

1

(3) the firearm had passed in interstate commerce. United States v. Dodd, 225 F.3d 340, 344 (3d Cir. 2000). To establish that Defendant "knowingly" possessed the firearm, the Government had to prove that Defendant was conscious and aware of his actions and that he possessed the firearm purposely and voluntarily, and not by accident or mistake. Id.

The Court allowed Defendant to present evidence showing that the firearm belonged to Defendant's son and that Defendant did not intentionally possess the firearm when it was found in the car. The Court allowed Defendant to present the evidence to the jury because the Court concluded that this evidence was relevant to whether Defendant's possession was knowing. However, the Court declined to give an instruction regarding the affirmative defense of innocent possession, because that defense has not been recognized by the Third Circuit. See United States v. Jackson, 282 Fed. Appx. 999, 1002 (3d Cir. Jun. 27, 2008); United States v. Broadus, 291 Fed. Appx. 486, 489 (3d Cir. Sept. 9, 2008).

Defendant correctly pointed out to the Court that the Third Circuit has never expressly rejected the innocent possession defense, but rather, has found the defense to be inapplicable on the facts alleged in those cases in which the possibility of this defense has arisen. However, at least five other circuit courts have expressly rejected the innocent possession defense. See Jackson, 282 Fed. Appx. at 1002 (collecting cases).

Further, the Court is persuaded, after hearing the evidence introduced by the parties, that Defendant could not establish the elements of the innocent possession defense as that defense has been defined by the only circuit court to have endorsed it. Specifically, the innocent possession defense requires the Defendant to establish that

> (1) the firearm was attained innocently and held with no illicit purpose and (2) possession of the firearm was transitory - i.e., in light of the circumstances presented, there is a good basis to find that the defendant took adequate measures to rid himself of possession of the firearm as promptly as reasonably possible. In particular, "a defendant's actions must demonstrate both that he had the intent to turn the weapon over to the police and that he was pursuing such an intent with immediacy and through a reasonable course of conduct."

U.S. v. Mason, 233 F.2d 619, 624 (D.C. 2000) (quoting Logan v. United States, 402 A.2d 822, 827 (D.C. 1979)).

In this case, Defendant contended that he did not have his cell phone with him and did not have time to report the firearm to the authorities because he was arrested shortly after exiting his vehicle. However, the evidence adduced at trial showed that Defendant allegedly first discovered the firearm in his car while he was still driving, and instead of proceeding to contact the authorities, he continued on his way to a softball game where, according to a police witness' testimony, he showed the gun to two other individuals and then exited the vehicle to talk with others present at the field. When uniformed police officers

3

arrived on the scene, Defendant still did not alert these officers to the presence of the gun, but instead lied to them about the ownership of the vehicle. Given this evidence, the Court concludes that Defendant could not establish, as a matter of law, that he intended to rid himself of the firearm or that he took reasonable measures to rid himself of the firearm.

In sum, the Court concludes that a jury instruction on the innocent possession defense was not warranted based on both the facts of this case and the lack of circuit court precedent adopting innocent possession as an affirmative defense. In the Court's view, the jury was given sufficient opportunity to consider the evidence presented by Defendant regarding innocent possession in the context of determining whether Defendant possessed the firearm "knowingly" and not by accident or mistake. In addition, the Court notes that in declining to instruct the jury as to the innocent possession defense, the Court took additional measures to stress to the jury the knowing and voluntary element of possession by reminding the jury, in the context of the charge on possession, that even though possession might be established by "momentary or fleeting" possession, "possession must still be 'voluntary possession'" as that term was defined to the jury in the instructions. (D.I. 72 at 26.)

## II. CONCLUSION

Accordingly, for the reasons discussed, as well as the reasons contained in the transcript of the Prayer Conference, the Court denied the Government's Motion as to the presentation of evidence demonstrating that Defendant's possession was not knowing, and granted the Government's Motion to the extent it sought to preclude the jury from being instructed as to the innocent possession defense.