IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA, :
:
      Plaintiff, :
:
v. : Criminal Action No. 08-97-JJF
:
MICHAEL LINDSEY, :
:
      Defendant. :
:

**MEMORANDUM ORDER**

Pending before the Court is Defendant's Motion In Limine To Prohibit Proof Pursuant To Federal Rule Of Evidence 409(b) [sic] Of Uncharged Offenses, Other Acts And Wrongs (D.I. 58).[1] Specifically, Defendant seeks to preclude the Government from introducing the following evidence: (1) the testimony of Detective Riley from a confidential source that (a) Defendant was involved in an altercation at a softball game the night before the charged offense occurred, because someone had made a comment about his wife's hair, (b) Defendant made a reference to obtaining a handgun, and (c) Defendant made a reference to shooting people to settle the dispute; (2) a CD recording of a statement Defendant allegedly made during a prison phone call to his wife indicating that he was in prison because he was defending her on the night of his arrest; and (c) a CD recording of statements from members of Defendant's softball team.

---

    [1] Defendant's Motion is brought under Fed. R. Evid. 404(b).

Defendant contends that this evidence is not admissible to prove bad conduct, and although Rule 404(b) allows the admissibility of this evidence for other purposes, the probative value of the evidence is outweighed by its prejudicial effect which could lead the jury to conclude that Defendant had a propensity to commit the offense charged based on his alleged prior bad acts.

Rule 404(b) does not apply to evidence of uncharged offenses or prior acts of misconduct committed by a defendant "'when those acts are intrinsic to the proof of the charged offense.'. . . Acts are intrinsic when they directly prove the charged [crime]." United States v. Hoffecker, 530 F.3d 137, 189 (3d Cir. 2008) (quoting United States v. Gibbs, 190 F.3d 188, 217 (3d Cir. 1999)). Even if this evidence is "extremely prejudicial" to the defendant, the court has no discretion to exclude it when the evidence is proof of the ultimate issue in the case. Id. (citations omitted).

In this case, the Government's theory of the charged crime is that Defendant brought a firearm to the softball field, showed it to two players, and stowed it in his vehicle precisely because he had been involved in an altercation at the field with another player the night before and had promised to return with a gun to settle the matter. In the Court's view, the evidence proffered by the Government tends to prove the essential element of the offense, i.e. that the defendant knowingly and intentionally

1

possessed the firearm found in his vehicle. Accordingly, the Court concludes that the Government's proffered evidence is intrinsic evidence that falls outside the scope of evidence precluded from admission under Rule 404(b).

However, even if the Court concludes that the proffered evidence falls within the category of prior bad acts encompassed by Rule 404(b), the Court concludes that the evidence meets the standards for admissibility. Under Rule 404(b), "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). However, such evidence may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id. To be admissible for this latter reason, four criteria must be satisfied: "(1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under Rule 402; (3) its probative value must outweigh its prejudicial effect under Rule 403; and (4) the court must charge the jury to consider the evidence only for the limited purpose for which it is admitted." United States v. Sampson, 980 F.2d 883, 886 (3d Cir. 1992) (citations omitted).

In this case, the Government's proffered evidence tends to prove, under the Government's theory of the case, Defendant's knowledge of the firearm and intent to possess the firearm, as

well as to establish the absence of mistake or accident regarding his possession. In the Court's view, this evidence is not unduly prejudicial to Defendant as it does not indicate the commission of a serious crime or act of misconduct from which the jury is likely to infer a general propensity to commit the crime charged. Rather, the evidence proves a relatively minor altercation, but an altercation which nonetheless informs the background of the crime charged and relates to legitimate Rule 404(b) purposes such as motive, intent and absence of mistake. To the extent any prejudice to Defendant may exist as the result of the admission of this evidence, the Court further concludes that such prejudice may be properly mitigated by a limiting instruction to the jury. Defendant is, of course, free to move for such an instruction at the appropriate time.

    NOW THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion In Limine To Prohibit Proof Pursuant To Federal Rule Of Evidence 409(b) [sic] Of Uncharged Offenses, Other Acts And Wrongs (D.I. 58) is **DENIED**.

December 3, 2009
DATE

UNITED STATES DISTRICT JUDGE

3